IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-945-D

| | | |
|---|---|---|
| TAMMY HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE METHODIST UNIVERSITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On January 24, 2019, the court granted The Methodist University, Inc.'s ("Methodist" or "defendant") motion for summary judgment against Tammy Horton ("Horton" or "plaintiff") [D.E. 86, 87]. On January 31, 2019, Methodist timely filed a motion seeking $4,191.10 in costs [D.E. 88]. On February 7, 2019, Methodist moved for attorneys' fees [D.E. 89] and filed a memorandum in support [D.E. 90]. On February 14, 2019, Horton appealed the court's grant of summary judgment to Methodist to the United States Court of Appeals for the Fourth Circuit [D.E. 92]. On February 25, 2019, Horton moved to stay pending appeal [D.E. 95] and moved for an extension of time to respond to Methodist's motions [D.E. 96]. As explained below, the court grants Methodist's motion for costs, denies Methodist's motion for attorneys' fees, and denies Horton's motions to stay and for an extension of time to respond.

I.

Federal Rule of Civil Procedure 54(d)(1) governs a post-judgment motion for an award of costs. See Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Id. A "prevailing party" is "a party in whose favor

a judgment is rendered" or "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (quotation and alteration omitted). Rule 54(d)(1) "gives rise to a presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981); Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished).

Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See 28 U.S.C. § 1920; Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–43 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988(c); Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988).[1] Local Civil Rule 54.1 "further refines the scope of recoverable costs." Howard v. College of the Albemarle, No. 2:15-CV-39-D, 2017 WL 3754620, at *1 (E.D.N.C. Aug. 29, 2017) (unpublished) (quotation omitted); Earp v. Novartis Pharm. Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014)

---

[1] Taxable costs under section 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 . . . ;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920.

(unpublished); see Local Civil Rule 54.1.[2]

Methodist first seeks costs for "the depositions and printed transcripts reasonably and necessarily obtained for use in [the] case." [D.E. 88-2] ¶ 14; see Daniel M. Nunn Aff. [D.E. 88] 1. Such fees are recoverable. See 28 U.S.C. § 1920(2); Local Civil Rule 54.1; Howard, 2017 WL 3754620, at *1 (collecting cases); Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511. Methodist also seeks costs "[d]ocket fees under 28 U.S.C. § 1923." [D.E. 88] 1. Such fees are recoverable. See 28 U.S.C. § 1920(5). Accordingly, the court grants Methodist's motion for costs, and awards Methodist $4,191.10 in costs associated with deposition transcripts and docket fees pursuant to section 1920 and Local Civil Rule 54.1.

---

[2] Local Civil Rule 54.1(c)(1) provides a non-exhaustive list of normally recoverable costs:

> (a) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition;
>
> (b) premiums on required bonds;
>
> (c) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual costs, but not to exceed the applicable statutory rates, whether they reside in or out of the district;
>
> (d) one copy of the trial transcript for each party represented by counsel.

Local Civil Rule 54.1(c)(1). Local Civil Rule 54.1(c)(2) also identifies items "normally not taxed, without limitation" as

> (a) witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties;
>
> (b) multiple copies of depositions;
>
> (c) daily copy of trial transcripts, unless prior court approval has been obtained.

Local Civil Rule 54.1(c)(2).

3

II.

Methodist also seeks an award of its attorneys' fees [D.E. 89]. The court, in its discretion, "may allow the prevailing party . . . a reasonable attorney's fee" for actions commenced under the Americans with Disabilities Act. 42 U.S.C. § 12205; see Blue v. Akal Enters., No. 5:14-CV-95-FL, 2014 WL 2946419, at *4 (E.D.N.C. June 30, 2014) (unpublished). The Rehabilitation Act contains an analogous provision. See 29 U.S.C. § 794a(b); Brinn v. Tidewater Transp. Dist. Comm'n, 242 F.3d 227, 231 (4th Cir. 2001). "[A] prevailing defendant is entitled to attorney's fees only if the plaintiff's suit was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so." Blue, 2014 WL 2946419, at *4 (alteration and quotation omitted); see Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 422 (1978); Equal Emp't Opportunity Comm'n v. Correct Care Sols., No. 3:15-cv-4655-MGL-TER, 2017 WL 2954623, at *2 (D.S.C. June 23, 2017) (unpublished), report and recommendation adopted, 2017 WL 2936217 (D.S.C. July 10, 2017) (unpublished). The Fourth Circuit has cautioned that "awarding attorneys' fees to a prevailing defendant is a conservative tool, to be used sparingly in those cases in which the plaintiff presses a claim which [she] knew or should have known was groundless, frivolous, or unreasonable." Equal Emp't Opportunity Comm'n v. Great Steaks, Inc., 667 F.3d 510, 517 (4th Cir. 2012) (alteration and quotation omitted); see Arnold v. Burger King Corp., 719 F.2d 63, 65 (4th Cir. 1983).

Although the question is close, the record does not support awarding attorneys' fees to Methodist. Accordingly, the court denies Methodist's motion for attorneys' fees.

III.

On February 26, 2019, Horton moved to stay proceedings pending her appeal to the United States Court of Appeals for the Fourth Circuit [D.E. 95] and moved for an extension of time to file

4

responses to Methodist's motions [D.E. 96]. As for Horton's motion to stay, the court denies the motion. Resolving these issues now better serves judicial resources.

As for Horton's motion for an extension, Horton's motion concerning her response to Methodist's application for costs is untimely. Additionally, because the court denied Methodist's motion for attorneys' fees, Horton need not file a response to Methodist's motion for attorneys' fees. Accordingly, the court denies Horton's motion for an extension of time to respond.

IV.

In sum, the court GRANTS defendant's application for costs [D.E. 88], DENIES defendant's motion for attorneys' fees [D.E. 89], DENIES plaintiff's motion to stay [D.E. 95], and DENIES plaintiff's motion for an extension of time to file [D.E. 96]. The court awards Methodist $4,191.10 in costs.

SO ORDERED. This \_1\_ day of April 2019.

JAMES C. DEVER III
United States District Judge